E. F. Gallagher *v.* Elizabeth A. Mitchell.

**Principal and Agent—Liability of Pension Agent.**

    Where a pension agent paid the money to persons not entitled to receive it and thus put it beyond the power of the person entitled to it to collect it, an action will lie against the agent therefor.

**Evidence—Receipt—Burden of Proof.**

    Where a copy of a receipt is offered in evidence and its execution is denied, the burden is on the proponent to show that the other party signed it.

APPEAL FROM JEFFERSON CIRCUIT COURT.

June 9, 1874.

Opinion by Judge Pryor:

Ordinarily, an agent of the state or government whose duty it is to receive and pay out moneys to those entitled, can not be made liable in an ordinary action, by the party entitled, for failing to pay over; but in a case like this, where, by the neglect or misfeasance of the agent, he has placed it beyond the power of the party to collect that to which she was justly and legally entitled, an action will lie. The appellant was the agent to recover and pay out the pension money. The appellee was entitled to a pension. The money had been set apart to her and the agent of the government directed to pay it. He takes the money and pays it to those not entitled to receive it. He is credited by the amount in his settlement with the government, and reports having paid the money over

to the appellee, when, as was adjudged by the court below, it had not been paid, or at least not paid to the appellee.

This was a conveyance of appellee's money to the use of appellant. There was no question made as to the jurisdiction in the court below, and it cannot now be made in this court. The receipt relied on is not filed with the answer, but only what purports to be a copy of the same, with the proceedings under which appellant claims to have paid the money. When the receipt was offered as evidence, it was proper for the appellee to deny its execution in her deposition; and the burden of proof was on the appellant to show that she signed it.

Judgment affirmed.

*Elliott, Hays, for appellant.*

*S. McKee, for appellee.*